UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

CLARENCE MAYS (#95657)                                              CIVIL ACTION

VERSUS

PERRY STAGG, ET AL.                                                 NO. 08-0599-RET-DLD

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have ten (10) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 10 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Baton Rouge, Louisiana, this 13th day of August, 2009.

DOCIA L. DALBY
MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

CLARENCE MAYS (#95657)                                    CIVIL ACTION

VERSUS

PERRY STAGG, ET AL.                                       NO. 08-0599-RET-DLD

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter comes before the Court on the defendants' Motion to Dismiss, rec.doc.no. 9. This motion is opposed.

The pro se plaintiff, an inmate incarcerated at the Louisiana State Penitentiary ("LSP"), Angola, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against Ass't Warden Perry Stagg, Capt. Kenneth Harris and Msgt. Wilbert Norwood, complaining that his constitutional rights were violated on December 18, 2007, when he was exposed to smoke and fumes resulting from a fire which originated in the LSP cellblock where he was housed.

On a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a Complaint is subject to dismissal if a plaintiff fails "to state a claim upon which relief can be granted." In Bell Atl. Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007), and more recently, in Ashcroft v. Iqbal, ____ U.S. ____, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009), the Supreme Court clarified the standard of pleading that a plaintiff must meet in order to survive a motion to dismiss under Rule 12(b)(6). The Court noted that "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests[.]" Bell Atl. Corp. v. Twombly, supra, quoting Conley v. Gibson, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). See also Erickson v. Pardus, 551 U.S. 89, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007). Notwithstanding, although "detailed factual allegations" are not necessary to

withstand a Rule 12(b)(6) motion to dismiss, a plaintiff must furnish "more than labels and conclusions" or the" formulaic recitation of the elements of a cause of action" in order to provide the "grounds" of "entitle[ment] to relief." Bell Atl. Corp. v. Twombly, supra. See also Papasan v. Allain, 478 U.S. 265, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986). The Court stated that there is no "probability requirement at the pleading stage," Bell Atl. Corp. v. Twombly, supra, but "something beyond ... mere possibility ... must be alleged." Id. The facts alleged in the Complaint "must be enough to raise a right to relief above the speculative level," or must be sufficient "to state a claim for relief that is plausible on its face," Id. (abandoning the "no set of facts" language set forth in Conley v. Gibson, supra). A claim is facially plausible when a plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, supra. Where a Complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of entitlement to relief. Id.

On a motion to dismiss for failure to state a claim under Rule 12(b)(6), the Court "must accept as true all of the factual allegations contained in the Complaint." Erickson v. Pardus, supra. See also Bell Atl. Corp. v. Twombly, supra. Further, "[a] document filed pro se is to be liberally construed ... and a pro se Complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, supra (citations omitted). Nonetheless, conclusory allegations and unwarranted factual deductions will not suffice to avoid a motion to dismiss. United States ex rel. Willard v. Humana Health Plan of Texas, Inc., 336 F.3d 375 (5th Cir. 2003).

In his Complaint, the plaintiff alleges that on or about December 4, 2007, he complained to defendant Stagg that the heater on the cell tier was not working, whereupon defendant Stagg advised that a maintenance report had been submitted and that the heater was scheduled to be worked on. Thereafter, on or about December 11, 2007, a maintenance crew in fact worked on

the heater, but the plaintiff complains that the repair was done improperly, that defendant Stagg was aware of the improper repair, and that the heater still did not blow hot air onto the tier. Finally, on the morning of December 18, 2007, the heater was activated but began to smoke or caught on fire, filling the cell tier with smoke. The plaintiff complains that, for a period of approximately twenty (20) minutes, he was subjected to the smoke and fumes, yet nothing was done to open any doors or windows or to evacuate him and other inmates from the tier. Upon the subsequent arrival of defendant Harris, the defendant still failed to order an evacuation of the inmates. Instead, defendant Harris went to obtain a blower fan, thereby causing the plaintiff to suffer exposure to the smoky conditions for "approximately 10 minutes longer than I should have".

Initially, it is unclear from the plaintiff's Complaint whether he has sued the defendants in their individual and/or their official capacities. However, in light of the liberality with which this Court views the pleadings of pro se petitioners, Haines v. Kerner, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972), the Court interprets the plaintiff's Complaint as naming the defendants in both capacities. Notwithstanding, § 1983 does not provide a federal forum for litigants who seek a remedy against a State for alleged deprivations of civil liberties. Neither a State, nor its officials acting in their official capacities, are "persons" under § 1983. Will v. Michigan Department of State Police, 491 U.S. 58, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989). Thus, it is clear that the plaintiff fails to state a claim under § 1983 against the defendants in their official capacities.

Turning to the plaintiff's claims against the defendants in their individual capacities, the defendants assert, in response to the plaintiff's allegations, that they are entitled to qualified immunity in connection with the plaintiff's claims against them. Specifically, they contend that the plaintiff has failed to make sufficient allegations of conduct on their part which rises to the level of a violation of the plaintiff's constitutional rights.

The qualified immunity defense is a familiar one and, employing a two-step process, operates to protect public officials who are performing discretionary tasks. Hale v. Townley, 45

F.3d 914 (5th Cir. 1995). As enunciated in Saucier v. Katz, 533 U.S. 194, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001), the first step in the analysis is to consider whether, taking the facts as alleged in the light most favorable to the plaintiff, the defendants' conduct violated the plaintiff's constitutional rights. Second, the district court looks to whether the rights allegedly violated were clearly established. This inquiry, the Court stated, is undertaken in light of the specific context of the case, not as a broad, general proposition. The relevant, dispositive inquiry in determining whether a constitutional right was clearly established is whether it would have been clear to a reasonable state official that his conduct was unlawful in the situation which he confronted. Id. In the instant case, the defendants assert that the plaintiff's claim fails in the first instance because he has failed to allege facts in the Complaint which would support a finding that they participated in any violation of his constitutional rights.[1]

Undertaking the Saucier analysis, the Court concludes that the defendants' motion is well-taken and that the plaintiff's allegations fail to overcome the assertion of qualified immunity.

The plaintiff's claim, in essence, is that the defendants were deliberately indifferent to a serious risk of danger to his health and safety on December 18, 2007. A claim of deliberate indifference, however, requires a showing that a defendant has recognized and intentionally disregarded a serious risk of harm to an inmate's health or safety. Mere negligence is not a basis for liability under § 1983. Oliver v. Collins, 904 F.2d 278, 281 (5th Cir. 1990); Thompkins v. Belt, 828 F.2d 298, 303-04 (5th Cir. 1987). Rather, the Supreme Court has adopted "subjective recklessness as used in the criminal law" as the appropriate standard to apply in cases of "deliberate indifference" under the Eighth Amendment. Farmer v. Brennan, 511 U.S. 825, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994). As stated in Farmer:

---

[1] The United States Supreme Court has recently held that rigid chronological adherence to the Saucier two-step methodology is no longer mandatory. Pearson v. Callahan, ___ U.S. ___, 129 S.Ct. 808, 172 L.Ed.2d 565 (2009). Although the Saucier methodology will be "often beneficial", the Callahan Court leaves to the lower courts discretion as to the order in which they may wish to address the two prongs of the qualified immunity analysis.

> [A] prison official cannot be found liable under the Eighth Amendment . . . unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.

Id. Under exceptional circumstances, a prison official's knowledge of a substantial risk of harm may be inferred from the obviousness of the substantial risk. Id. However, applying this standard to the plaintiff's claim in the instant case does not result in a conclusion that the defendants recognized and disregarded an excessive risk of harm to inmate health or safety. In his Complaint the plaintiff acknowledges that when the cell tier began to fill with smoke, the alarms were sounded, supervisory officials were contacted, and fire trucks and emergency medical personnel were dispatched to the scene. Within approximately thirty (30) minutes, exhaust fans had been obtained and deployed to clear the tier of smoke from the plaintiff's housing unit. Although the plaintiff complains of exposure to smoke and fumes during this time, it is clear that the defendants did not ignore the potentially dangerous situation but, instead, acted to ensure the inmates' safety. Although the plaintiff complains of the speed with which the defendants acted, and of their determination to deploy exhaust fans instead of evacuating the inmates from the tier, the Court finds no constitutional violation in a reaction time of approximately 30 minutes, taking into account the exigencies of the situation and the security concerns inherent in evacuating inmates from one location to another in an emergency situation. This is particularly true considering that the incident occurred at Camp J at LSP, which is a punitive housing classification reserved for inmates who have been found guilty of serious rule violations at the prison and who therefore present a greater danger to security officers. Further, although the plaintiff asserts that the defendants acted imprudently and/or abused their discretion in failing to immediately evacuate the cell tier, this assertion sounds more in the nature of a claim of negligence which, as noted above, is not actionable under § 1983. See, e.g., Adames v. Perez, 331 F.3d 508 (5th Cir. 2003); Varnado v. Lynaugh, 920 F.2d 320 (5th Cir. 1991). In short, it does not appear from the plaintiff's allegations

that the defendants intended to cause the plaintiff harm, knew that serious injury was substantially certain to occur from their actions, or were otherwise aware of a substantial risk of harm to the plaintiff's safety which they ignored. Accordingly, it appears that the plaintiff has failed to state a claim of constitutional dimension and that the defendants are entitled to a dismissal of this proceeding.

## RECOMMENDATION

It is recommended that the defendants' Motion to Dismiss, rec.doc.no. 9, be granted, dismissing the plaintiff's claims, with prejudice, and that this action be dismissed.

Baton Rouge, Louisiana, this _____ day of August, 2009.

_____
DOCIA L. DALBY
MAGISTRATE JUDGE